JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

TAREK J. HELOU (CABN 218225)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94102
    Telephone:     (415) 436-7071
    Facsimile:      (415) 436-7234
    Tarek.J.Helou@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 08-431 PJH |
|     Plaintiff, ) ) ) | UNITED STATES' BRIEF REGARDING DETENTION AND PSYCHIATRIC EXAMINATION |
|     v. ) ) | |
| JEREMY CRUZ ESPERANTE, ) ) ) | |
|     Defendant. ) ) | |

    The parties appeared before the Court on August 13, 2008.  The Court called the matter to hear argument regarding detention and whether defense counsel could be present at a psychiatric evaluation that the defendant must undergo if he seeks release from custody.

    The Court asked the government to submit a short brief responding to defense counsel's arguments at that hearing.  The Court should not permit defense counsel to be at the examination, and should detain the defendant pending trial if he is a risk to himself.

**I.   The Court Should Not Permit Defense Counsel To Attend The Mental Examination Because Dr. Chamberlain Cannot Properly Advise The Court About The Defendant's Risk Of Suicide If Defense Counsel Is Present**

At the Court's order, Pretrial Services retained a psychiatrist, Dr. John Chamberlain, M.D., to examine the defendant. Defense counsel requested to be present during the psychiatric examination. Dr. Chamberlain, however, does not want anyone other than the defendant to be present during his examination. Dr. Chamberlain feels strongly that the presence of an attorney, or any other person, will change the dynamic of the interview and diagnosis process, and prohibit him from giving the Court a meaningful evaluation. Dr. Chamberlain stated that he would not question the defendant about matters related to the instant offense.

**II.   The Court Should Detain The Defendant If Dr. Chamberlain Finds That He Is A Risk To Himself**

In *United States v. Cox*, which defense counsel cited at yesterday's hearing, the court detained the defendant, in part, because he was a danger to himself. *Id.*, 2008 WL 94769, at *4, No. 07-20544 (E.D. Mich. Jan. 9, 2008). As *Cox* stated, courts must consider the four factors in 18 U.S.C. § 3142(g) when determining whether to release a defendant before trial. *Id.* at *3. In *Cox*, the third factor, the defendant's history and character, favored detention. Under that factor, the Court must take into account "the person's character, physical *and mental condition*." 18 U.S.C. § 3142(g)(3)(A) (emphasis added). Thus, the defendant's risk of committing suicide is a "mental condition" that this Court should consider when deciding whether to detain him.

In *Cox*, the mental condition at issue – the risk that the defendant would commit suicide – was purely speculative, yet still favored detention. The only evidence that the defendant posed a risk to himself was that his family believed he was suicidal. There was no mental examination, no documented history of mental illness, and, unlike in this case, no past suicide attempts. The court in *Cox* still relied on that factor, along with other factors, and detained the defendant.

By contrast, the defendant here attempted suicide because of this case: he tried to kill himself the same day agents searched his apartment and seized computers containing hundreds of child pornography videos and hundreds of child pornography images. The concern about this defendant's danger to himself is not speculative – he already proved he is a danger to himself.

1  He has not rebutted the presumption that his history and characteristics favor detention.

**III.   Defense Counsel Should Not Be Present When Dr. Chamberlain Examines The Defendant**

Dr. Chamberlain's psychiatric examination will not be effective if defense counsel is present. As Dr. Chamberlain informed Pretrial Services, he cannot adequately determine the defendant's risk of suicide if defense counsel is there.

The cases defense counsel relied on at yesterday's hearing do not help him. In *Estelle v. Smith*, 451 U.S. 454 (1981), the Supreme Court recognized that a defendant does not have a Sixth Amendment right to have counsel present at a psychiatric examination. *Id.* at 470 n.14.

The defendant's Fifth Amendment rights also are not implicated here because he is not being compelled to talk to Dr. Chamberlain. In *Estelle*, the defendant was not advised that he had the right to remain silent. *Id.* at 461-62. By contrast, the defendant here can refuse to speak to Dr. Chamberlain. He might not be released if he does so, but that is his choice to make. As the *Estelle* court noted, the defendant could have refused to sit for the mental examination. *Id.* at 470-71 (attorney could have advised defendant "whether to submit to the examination").

The other case cited by defense counsel, *United States v. Ownby*, 1996 WL 32145, No. 95-00065 (W.D. Va. Jan. 16, 1996), is irrelevant because a court-appointed psychiatrist found that the defendant did not present a danger to himself at the time of the hearing, and that he posed no risk of flight. *Id.* at *4.

**IV.   Conclusion**

The Court should not permit defense counsel to be present at Dr. Chamberlain's interview of the defendant. If Dr. Chamberlain finds that the defendant poses a risk of suicide, the Court should detain him pending trial.

DATED:      August 13, 2008          JOSEPH P. RUSSONIELLO
                                     United States Attorney


                                              /s/
                                     TAREK J. HELOU
                                     Assistant United States Attorney

[Proposed] Order Moving Bail Review Hearing
CR 08-431 PJH                                                                            3