UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> JEREMY CRUZ ESPERANTE, ) <br> ) <br> Defendant(s). ) <br> _____ ) | No. CR 08-0431 PJH (BZ) <br><br> **ORDER SETTING CONDITIONS OF RELEASE AND DENYING REQUEST TO HAVE COUNSEL ATTEND PSYCHIATRIC EVALUATION** |

The government moved to detain Jeremy Esperante on August 4, 2008. Tarek Helou, Assistant United States Attorney, represented the government. Defendant was present and represented by Deputy Public Defender, Daniel Blank.

At the hearing, I considered the Pretrial Services Report and the proffers and arguments of both sides. I stated that I was concerned about the risk of flight and the danger that defendant presented to himself and the community, but thought there might be conditions of release that would address those concerns. I ordered Pretrial Services to have the defendant evaluated by a medical professional and then make a further recommendation on appropriate conditions of release, such as what forms of mental health counseling or treatment defendant required and whether he required a residential program. My

concerns were heightened by the fact that defendant lives in the Eastern District of California.  Therefore, he would be on courtesy supervision from that district and I was uncertain about what mental health treatment or counseling programs that district offers.  I continued the detention hearing to August 20, 2008 to allow for the evaluation.

On August 6, 2008, I was informed by Pretrial Services that the evaluator, Dr. Chamberlain, could not provide an evaluation report until August 31, 2008.  I was further informed by Pretrial Services that defendant had asked that his counsel be present during the evaluation but that Dr. Chamberlain had advised that he was unwilling to allow counsel to be present during his evaluation because he felt that the presence of an attorney would change the dynamics of the interview and the diagnostic process and that Dr. Chamberlain would not question the defendant about matters that relate to the charged offense.

Not wanting to have the question of counsel's participation delay the evaluation of a defendant who was in custody, I scheduled a hearing for August 8, 2008.  Early that morning, I received a joint request to continue the hearing until August 20, 2008 stating that neither Mr. Helou or Mr. Blank could attend on August 8, 2008.  I granted the continuance but ruled that Mr. Blank would not be present during the evaluation and directed that it proceed.  Later that morning, during the calendar call, I asked both duty attorneys to advise their colleagues of my ruling.  Mr. Portman asked for a hearing, because he thought there was

1  authority requiring counsel's presence, citing Estelle v.
2  Smith.  I therefore stayed my order and scheduled a hearing
3  for Tuesday, August 12, 2008.  At that hearing, Mr. Blank
4  stated that he wished an immediate ruling on the government's
5  motion so he could seek review of the order preventing him
6  from attending the psychiatric evaluation.  He also announced
7  that the defendant wished to be released to his parents' home
8  in Elk Grove and not to his uncle's home in Vallejo.  The
9  latter would have permitted supervision in this district.
10      Defendant remains in custody.  So that the review of this
11  order does not unnecessarily lengthen his confinement, I have
12  decided to set forth conditions on which I would be prepared
13  to release defendant and the reasons I will not permit Mr.
14  Blank to attend the psychiatric evaluation.
15      Because of the charges he faces, defendant is presumed to
16  be a risk of flight and a danger to the community.  If
17  convicted on some of the charges, he faces a mandatory prison
18  sentence of at least 5 years.  In addition, it appears that
19  the defendant is an experienced international traveler.  His
20  most recent trip was for two and half weeks to Singapore last
21  month.  Defendant has relatives in Singapore and is in a
22  "casual relationship" with a woman from Singapore.
23      At the same time he has strong family ties to Northern
24  California and at least a dozen family members and friends
25  attended the August 4, 2008 hearing to support him.  His
26  family has offered to post significant property to secure a
27  bond.
28      As to danger, the government proffered that he was a

participant in a peer to peer file sharing program in which he shared child pornography with others. Such file sharing constitutes a serious danger to the community by disseminating child pornography. It also appears that after the defendant's computers were searched, he attempted suicide and was hospitalized overnight at San Francisco General and then transferred to UCSF hospital where he remained for two weeks. This heightens the concern about danger since one who attempts suicide can endanger others in the process.

Although I have concerns that he is a flight risk and a danger to the community, I believe there likely are conditions of release which would adequately address both concerns. I would be prepared to release defendant on a $200,000 bond co-signed by the defendant's father and step-mother and secured by property at 8854 Statira Court in Elk Grove, if that property's equity is sufficient. I would impose the other conditions of release recommended by Pretrial Services. I would require him to be examined by Dr. Chamberlain and would schedule a post-release hearing to consider Dr. Chamberlain's evaluation and whether any conditional conditions of release are necessary and appropriate. In the interim, I would release the defendant into the custody of a parent and would impose a very restrictive curfew, to be reviewed after I receive Dr. Chamberlain's evaluation. I would also require Pretrial Services to inspect the family home and either satisfy itself that all computers have been removed or, if there is a need of a computer, that appropriate monitoring software is installed. Once that has been accomplished and if

4

1  defendant is willing to be released on these conditions
2  Pretrial Services shall schedule a hearing for the purpose of
3  releasing the defendant which the sureties should attend.
4      Defendant's request to have counsel present during the
5  evaluation is **DENIED**.  As the Supreme Court noted in <u>Estelle</u>
6  <u>v. Smith</u>, 451 U.S. 454, 471 at fn.14 (1981), there does not
7  appear to be any constitutional right to have counsel attend a
8  pretrial psychiatric examination.  The Supreme Court noted
9  that "an attorney present during the psychiatric interview
10 could contribute little and might seriously disrupt the
11 examination," quoting <u>Estelle v. Smith</u>, 602 F.2d 694, 708 (5th
12 Cir. 1979).  The constitutional concerns present in <u>Estelle</u>,
13 occasioned by the psychiatrist's trial testimony, do not exist
14 here.  This evaluation is solely for the purpose of assisting
15 me in determining appropriate conditions of release, and not
16 for the purpose of developing psychiatric testimony for trial.
17 Defendant's statements to Dr. Chamberlain shall not be used
18 against him at trial.  The report provided by Pretrial
19 Services is subject to the confidentiality provisions of 18
20 U.S.C. § 3153(c)(1).  I would redact from any portions of Dr.
21 Chamberlain's report which I thought needed to be shared with
22 counsel, any information to which I thought the government was
23 not entitled.
24     **IT IS SO ORDERED.**
25 Dated: August 13, 2008
26 _____
27                                 Bernard Zimmerman
                                 United States Magistrate Judge
28 G:\BZALL\CRIMINAL\ORDERS\ORDERS.08\U.S.A.V.ESPERANTE.wpd