BARRY J. PORTMAN
Federal Public Defender
DANIEL P. BLANK
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant ESPERANTE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 08-0431 PJH |
|---|---|---|
| Plaintiff, | ) ) | REPLY ON MOTION FOR AMENDMENT OF CONDITIONS OF PRETRIAL RELEASE |
| v. | ) ) | |
| JEREMY CRUZ ESPERANTE, | ) ) | Honorable Phyllis J. Hamilton September 10, 2008 |
| Defendant. | ) ) | 1:30 p.m. |

## ARGUMENT

The government, in its opposition to Defendant Jeremy Esperante's motion for amendment of conditions of release, does not dispute that Mr. Esperante has rebutted the statutory presumption for detention in this case. Nor does the government argue that it has met its burden of proving that detention is required in this case. Instead, the government argues that Mr. Esperante should not be released if he is not willing to comply with all of the conditions ordered by the magistrate judge, including that he submit to an open-ended evaluation by a Pretrial Services-retained psychiatrist, outside the presence of counsel, the results of which, it is undisputed, will be made available not only to the government but also to the U.S. Probation Department for inclusion in a Presentence Report if Mr. Esperante is ultimately convicted.

///

However, the government cites not a single case holding that a magistrate judge has the authority under the Bail Reform Act to order this type of psychiatric evaluation as a precondition of release. Nor does the government cite a single case holding that Mr. Esperante may not proceed by way of proffer with respect to his mental condition and present risk of suicidality. Accordingly, the Court should reject the government's arguments and grant Mr. Esperante's motion to amend his conditions of release.

## I. MR. ESPERANTE MAY PROCEED BY PROFFER

Notwithstanding the plain language of the Bail Reform Act, the government argues that Mr. Esperante may not offer by way of proffer the expert opinion of Dr. Rebecca Bauknight that he does not pose a significant risk of suicide or self-injury. The government is mistaken. The Court should consider the evidence proffered by Mr. Esperante.

The Bail Reform Act explicitly affords the defendant at a detention hearing the right "to present information by proffer or otherwise," since "[t]he rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing." 18 U.S.C. § 3142(f)(2). Nowhere in the text of the statute is the distinction the government seeks to draw; that expert opinions may not be proffered. In fact, the government in detention hearings routinely proffers the opinions of expert witnesses on myriad topics, including the results of fingerprint, DNA, voice, and gunshot residue analysis, and the type and quantity of drugs.

The issue in the only case cited by the government in support of its argument was whether the government may also proceed by way of proffer in a detention hearing, since the statute only refers to the defendant having that right. *See United States v. Gavira,* 828 F.2d 667, 669 (11th Cir. 1987). The Eleventh Circuit in *Gavira* held that, notwithstanding the absence of explicit direction in the Bail Reform Act, the magistrate judge could in its discretion permit the government to proceed by way of proffer. *See id.* ("We hold that the government as well as the defense may proceed by way proffering evidence subject to the discretion of the judicial officer presiding at the detention hearing."). The government cites no case, certainly no Ninth Circuit case, for the proposition that a

magistrate judge has the discretion to deny the defense its unqualified statutory right to "to present information by proffer or otherwise." 18 U.S.C. § 3142(f)(2). Nor does the government present any valid reason to deny that right here even if the court had discretion to do so.

The government complains that Mr. Esperante's proffer does not enable it to challenge Dr. Bauknight's opinion or have its own expert evaluate Mr. Esperante. However, that is the nature of a proffer. For example, when the government proffers that a complaining witness or law enforcement agent or lab technician would give certain testimony about the defendant's conduct, that witness or agent or technician is not required to submit to a deposition by the defense before the government's proffer is accepted. Even though the defense has no ability to cross-examine or impeach the witness or agent or technician, the government's proffer is accepted at face value. A proffer at a detention hearing is not designed to be "a discovery device." *Gavira,* 828 F.2d at 669. If the government may proceed by proffer in the absence of explicit statutory authority in the Bail Reform Act, clearly the defendant may likewise do so under the Act's explicit authority.

## II.   FURTHER EVALUATION NOT AUTHORIZED BY BAIL REFORM ACT

The government does not cite a single case holding that the Bail Reform Act authorizes a magistrate judge to impose the open-ended psychiatric evaluation ordered by the magistrate judge in this case as a precondition of release. Instead, the government's argument rests entirely on the section of the Bail Reform Act authorizing the magistrate judge to order psychiatric "treatment" as a condition of release. *See* Gov. Opp. at 4 (citing 18 U.S.C. § 3142(c)(1)(B)(x)).[1] The Court should

---

[1] The government mischaracterizes the position of Mr. Esperante regarding the scope of 18 U.S.C. § 3142(c)(1)(B)(x). The government in its opposition memorandum states that Mr. Esperante in his opening memorandum had "conceded that [§ 3142(c)(1)(B)(x)] gives the Court the authority to order mental evaluations of defendants. (Def. Mot. at 13:10-13.)." Gov. Opp. at 4:8-9. In fact, what appears in the part of Mr. Esperante's memorandum cited by the government is the acknowledgment that § 3142(c)(1)(B)(x) "confers upon the court the power to order mental health treatment"–not evaluation–"as a condition of release." Def. Mot. at 13:10-12. Mr. Esperante goes on to say that a valid claim *cannot* be made that "there is an implicit corresponding right to order an open-ended examination to determine what kind of counseling would be appropriate." Def. Mot. at 13:12-13. Mr. Esperante believes that the government's misstatement is merely a mistake owing to the lateness of the hour of its filing rather than a deliberate attempt to mislead the Court.

REPLY ON MOTION FOR AMENDMENT
OF CONDITIONS OF PRETRIAL RELEASE           - 3 -

hold that the relied-upon section does not authorize the type of evaluation ordered here.

By its own terms, the provision cited by the government authorizes "treatment" not "evaluation." Specifically, that section states that the magistrate judge shall order pretrial release of the person subject to the least restrictive further conditions, or combination of conditions, which may include the condition that the person "undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose." 18 U.S.C. § 3142(c)(1)(B)(x). What this section is plainly intended to do is to authorize appropriate treatment for whatever medical, psychological or psychiatric issues have presented themselves in the context of the detention hearing. *See, e.g., United States v. Martin-Trigona,* 767 F.3d 35, 36 (2d Cir. 1985) ("We hold that the Bail Reform Act of 1984, 18 U.S.C. §§ 3141-3156, does not authorize a judicial officer to order as a condition of pretrial release a psychiatric evaluation to determine a defendant's dangerousness. Dangerousness must be decided on the basis of the information available at the bail hearing.").

Here, Mr. Esperante has reported to Pretrial Services that he has a successful history of psychological treatment following a period of hospitalization due to a suicide attempt. He has further proffered the competent expert opinion that he does not pose a significant risk of suicide or self-injury at this time, and that any risk of suicide would only be diminished by his release from custody to live with his family, as well as the recommendation that Mr. Esperante continue his individual psychotherapy and also give serious consideration to a course of treatment with anti-depressant medication. Based upon this record, the magistrate court is certainly authorized by § 3142(c)(1)(B)(x) to order appropriate psychological treatment for Mr. Esperante. However, nothing in this section purports to authorize
a further evaluation or any kind. More importantly, nothing in this section authorizes the open-ended fishing expedition ordered by the magistrate judge in this case.

Having no case authority of its own, the government can only attack the authority cited by Mr. Esperante. The government argues that *Martin-Trigona* is inapposite because in that case "the

1  district court detained the defendant pending trial," while Mr. Esperante was ordered released on the
2  condition that he submit to a psychiatric evaluation. Gov. Opp. at 4:15-16. The government is
3  mistaken. The defendant in *Martin-Trigona* was "released on a one thousand dollar nonsurety
4  signature bond on the condition that he submit to a psychiatric examination to determine whether he
5  is a danger to the community." 767 F.2d at 37. Thus, the posture of the case in *Martin-Trigona* is
6  indistinguishable from that here.[2]

7  The government also seeks to distinguish *United States v. Scott,* 450 F.3d 863 (9th Cir. 2006),
8  in which the Ninth Circuit considered whether a defendant can be subjected as a condition of pretrial
9  release to drug testing and searches on less than probable cause. The *Scott* court essentially held that
10 before a defendant could be forced to give up a constitutional right (in that case, his Fourth
11 Amendment rights), a individualized showing of danger or flight risk needed to be shown: "the
12 Supreme Court upheld the constitutionality of a bail system where pretrial defendants could be
13 detained only if the need to detain them was demonstrated on an individualized basis." *Id*. at 874.
14 As the court went on to hold, "[n]either *Salerno* nor any other case authorizes detaining someone in
15 jail while awaiting trial, or the imposition of special bail conditions, based merely on the fact of
16 arrest for a particular crime." *Id.* The government here argues that *Scott* is "irrelevant" because Mr.
17 Esperante already "tried to commit suicide before he was arrested." Gov. Opp. at 8.

18 However, the magistrate judge's order goes far beyond evaluation for suicidality. The
19 magistrate judge ordered that Mr. Esperante would not be released unless he agreed to an evaluation
20 by a Pretrial Services psychiatrist, without defense counsel being present and with no limits on the
21 scope of the evaluation. For example, in response to a request for clarification by counsel for Mr.

---

[2] The government also argues that *Martin-Trigona* is distinguishable because in this case the magistrate judge first determined that Mr. Esperante is a flight risk and danger and then ordered a psychiatric evaluation. Gov. Opp. at 4. This is a distinction without a difference. The court in *Martin-Trigona* does not state that an examination is authorized under such circumstances. *See* 767 F.2d at 38. In any event, the magistrate judge here determined that any risk of flight or danger could be adequately addressed by conditions of release that did not initially include the examination. *See* Release Order at 4:10-17. The subsequent examination was simply intended to determine whether there were additional conditions that were "necessary and appropriate." *Id.* at 4:17-21.

REPLY ON MOTION FOR AMENDMENT
OF CONDITIONS OF PRETRIAL RELEASE        - 5 -

Esperante, the magistrate judge explained that the Pretrial Services psychiatrist could administer a penile plethysmograph or any other test he saw fit. Thus, the Ninth Circuit's decision in *Scott* requiring particularized showing before imposing release conditions is very relevant.

Finally, the government argues that there must be a psychiatric evaluation of Mr. Esperante outside the presence of his counsel because the "policies" of the institution under contract with Pretrial Services "prohibit its psychiatrists from examining patients with any other person present, even a parent or spouse." Gov. Opp. at 7. However, the government points to no authority which recognizes such policies as a proper consideration under the Bail Reform Act.

## CONCLUSION

For the aforementioned reasons, the Court should amend the magistrate judge's release order by deleting the condition of an unlimited psychiatric evaluation by a Pretrial Services expert outside the presence of counsel.

Dated: September 5, 2008

                                            Respectfully submitted,

                                            BARRY J. PORTMAN
                                            Federal Public Defender

                                            /S/

                                            DANIEL P. BLANK
                                            Assistant Federal Public Defender